UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DURWOOD A. SIMPSON,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | NO:  CV-12-417-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS |

　　　Before the Court are cross-motions for summary judgment, ECF Nos. 22, 26.  The Court has reviewed the motions, the memoranda in support, the Plaintiff's reply memorandum, and the administrative record.

## JURISDICTION

　　　Plaintiff Durwood A. Simpson filed an application for Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") on February 27, 2009.  (Tr. 20, 128-30, 131-34.)  Plaintiff alleged an onset date of July 13, 2008, in both applications.  (Tr. 128, 131.)  Benefits were denied initially

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 1

and on reconsideration. On January 6, 2010, Plaintiff timely requested a hearing before an administrative law judge ("ALJ"). (Tr. 108-09.) A hearing was held before ALJ James W. Sherry on February 4, 2011. (Tr. 40-75.) At that hearing, testimony was taken from vocational expert Daniel McKinney, and the claimant, Mr. Simpson. (Tr. 40.) The Plaintiff was not represented by counsel at the hearing. (Tr. 20.) February 23, 2011, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 20-32.) The Appeals Council denied review. (Tr. 1-3.) This matter is properly before this Court under 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of this case are set forth in the administrative hearing transcripts and record and will only be summarized here. The Plaintiff was forty-five years old when he applied for benefits and was forty-seven years old when the ALJ issued the decision. The Plaintiff currently is unemployed and lives with his parents. The Plaintiff has not worked since he was employed as a graveyard clerk and janitor at a convenience store in 2008. The Plaintiff describes being unable to find work due to a variety of conditions, including severe back and knee pain.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not

based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

    It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 3

Commissioner.  *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision.  *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 4

medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 5

prevents the claimant from performing work he or she has performed in the past. If the plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 6

The ALJ found that the Plaintiff met the insured status requirement through March 31, 2013.  (Tr. 22.)  At step one of the five-step sequential evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 13, 2008, the alleged onset date.  (Tr. 22.)  At step two, the ALJ found that Plaintiff had the severe impairments of: (1) lumbar degenerative disc disease, (2) hepatitis C, (3) urinary incontinence, (4) major depressive disorder, (5) pain disorder, and (6) rule out cognitive disorder.  (Tr. 22-26.)  The ALJ found that none of the Plaintiff's impairments, taken alone or in combination, met or medically equaled any of the impairments listed in Part 404, Subpart P, Appendix 1 of 20 C.F.R.  (Tr. 26-27.)  The ALJ determined that the Plaintiff had the RFC to perform light work subject to various non-exertional limitations.  (Tr. 27-30.)  At step four, the ALJ determined that the Plaintiff could not perform any relevant past work.  (Tr. 30.)  At step five, the ALJ, relying on the testimony of a vocational expert, found that the Plaintiff could perform jobs that exist in significant numbers in the national economy.  (Tr. 30-32.)  Accordingly, the ALJ found that the Plaintiff was not under a disability for purposes of the Act.  (Tr. 32.)

## ISSUES

The Plaintiff argues that the ALJ's decision is not supported by substantial evidence or free of legal error because (1) the ALJ failed to appropriately address the medical evidence, (2) the ALJ failed to fully develop the record, (3) the ALJ

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 7

failed to properly consider Mr. Simpson's subjective complaint testimony, and (4) the Defendant failed to meet its burden to show that jobs that the Plaintiff can perform exist in significant numbers.

## DISCUSSION

**Medical Evidence**

In evaluating a disability claim, the adjudicator must consider all medical evidence provided. A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004). If the treating physician's opinions are not contradicted, they can be rejected by the decision-maker only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion with specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463 (9th Cir. 1995). In addition to medical reports in the record, the testimony of a non-examining medical expert selected by the ALJ may be helpful in her adjudication. *Andrews,* 53 F.3d at 1041 *(citing Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 8

the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding the treating physician's opinion. *Flaten*, 44 F.3d at 1463-64; *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir 1989). The ALJ need not accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical finding." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (*citing Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). Where an ALJ determines a treating or examining physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for considering the purpose for which the doctor's report was obtained and for rejecting the inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996.) Rejection of an examining medical source opinion is specific and legitimate where the medical source's opinion is not supported by his or her own medical records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

    Mr. Simpson asserts that the ALJ erred in failing to explain the reasons why the ALJ rejected the testimony of various medical sources. Specifically, Mr. Simpson asserts that the ALJ failed to address the opinions of various examiners and treatment sources, including Edward Farrar, MD, and Thomas Ovenell, DC.

    Dr. Farrar examined Mr. Simpson on June 21, 2007, and opined that while Mr. Simpson's back injuries would not normally be expected to cause the type of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 9

pain claimed by Mr. Simpson, such pain was possible from Mr. Simpson's injuries. (Tr. 393-94.) Dr. Farrar concluded that, due to Mr. Simpson's degree of discomfort, it was not realistic to expect Mr. Simpson to be able to work. (Tr. 392-94.) Dr. Farrar recommended proceeding by way injection therapy with a physiatrist. (Tr. 394.)

Dr. Ovenell is a chiropractor who treated Mr. Simpson in 2004. (Tr. 504.) Dr. Ovenell concluded that Mr. Simpson's herniated disc rendered him "unable to work at this point and time" and could require surgery before Mr. Simpson would be able to work. (Tr. 504-13.)

The ALJ never directly addressed the opinions of Dr. Farrar or Dr. Ovenell. During step two, ALJ Sherry did obliquely address the Dr. Farrar's opinion but only to take note of Dr. Farrar's conclusion that Mr. Simpson's complaints were unusual given the limited nature of the injury. (Tr. 23.) The ALJ never addressed Dr. Farrar's opinion as to Mr. Simpson's ability to work. As to Dr. Ovenell's opinion, ALJ Sherry noted conflicts between Ovenell's suggestion that surgery may be needed to relieve back pain and the diagnoses of other physicians that surgery was not necessary. (Tr. 22.) However, the ALJ again did not address Dr. Ovenell's opinion as to Mr. Simpson's ability to work.

Dr. Farrar is an examining physician. Because Dr. Farrar's opinion is contradicted by other medical evidence, the ALJ could reject Dr. Farrar's opinion

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 10

by providing specific and legitimate reasons supported by substantial evidence in the record. No reasons were provided in this case.

Dr. Ovenell is not an acceptable medical source under the regulations. 20 C.F.R. § 404.1513. Instead, he is an "other source" whose opinion may support findings as to the severity of a limitation. SSR 06-03p. Despite the fact that Dr. Ovenell is an "other source," an ALJ may not simply reject their opinions without comment. Instead, an ALJ must provide reasons that are germane for rejecting each source. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ has not provided a germane reason. Accordingly, the ALJ has failed to provide a basis for the rejection of Dr. Ovenell's opinion.

The Defendant argues that the ALJ did not err in failing to address the opinions of Dr. Farrar and Dr. Ovenell, because both opinions were given prior to Mr. Simpson's July 13, 2008, onset date. Opinions issued prior to the alleged onset date are of "limited relevance." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008). However, an ALJ must consider all relevant evidence in making an RFC determination. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). Accordingly, even though the pre-onset opinions are limited in their relevance, they still must be considered by the ALJ.

The Defendant argues that, with respect to Dr. Farrar's opinion, the ALJ did not err in rejecting it without comment because the opinion did not specifically

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 11

identify Mr. Simpson's limitations.  However, while an ALJ is not bound by a medical source's opinion on the ultimate issue of the claimant's employability, the ALJ must still give reasons for rejecting such an opinion, even where that opinion references only a likelihood that employment is not achievable.  *See e.g. Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (holding that it an ALJ erred in failing to address a physician's statement that the claimant's "combination of mental and medical problems makes the likelihood of sustained full time competitive employment unlikely.")  Here, Dr. Farrar's opinion was based on his examination of Mr. Simpson.  Accordingly, his conclusion was based on the evidence presented to him of Mr. Simpson's discomfort due to his back injuries.  If the ALJ wishes to reject Dr. Farrar's conclusion, the ALJ must provide a basis for doing so.  As no basis was provided, the ALJ erred in this case.

In light of the fact that additional proceedings could cure the ALJ's failure to address Dr. Farrar's and Dr. Ovenell's opinions, the proper remedy in this case is remand.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).

Accordingly, **IT IS HEREBY ORDERED:**

1. The Plaintiff's motion for summary judgment, ECF No. 22, is GRANTED.

2. The Defendant's motion for summary judgment, ECF No. 26, is DENIED.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 12

3. This case is REMANDED for the ALJ to conduct a new hearing and issue a new opinion in which the ALJ addresses more fully the medical evidence in the record.  The ALJ should take the testimony of a vocational expert in response to any new limitations that arise from the medical evidence.  The Court wishes to make clear that it express no opinion as to what the ultimate outcome on remand will or should be.  The Commissioner is free to give whatever weight to the additional evidence he deems appropriate.

4. JUDGMENT shall be entered for the Plaintiff.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to provide copies to counsel, and to close this file.

**DATED** this 4th of December 2013.

*s/Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 13